Megan Beaman-Jacinto (SBN 261539)
 *megan@beaman-law.com*
Curtis Paul Davis (SBN 323353)
 *curtis@beaman-law.com*
BEAMAN JACINTO LAW P.C.
73733 Fred Waring Drive, Suite 203
Palm Desert, California 92260
T: (760) 698-9626

Attorneys for Plaintiff

# UNITED STATES FEDERAL COURT

# CENTRAL DISTRICT OF CALIFORNIA

| WALTER CAÑAS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>PLAZA MOTORS; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR RETALIATION UNDER THE FAIR LABOR STANDARDS ACT** |
|---|---|

## INTRODUCTION

1. Plaintiff Walter Cañas brings this action against his former employer, PLAZA MOTORS, also known as Jessup Auto Plaza, for its post-employment retaliatory conduct. PLAZA MOTORS retaliated against Mr. Cañas for his lawful exercise of rights, specifically, for his claims of

employment retaliation, wrongful termination, and rest and meal period violations.

## PARTIES

2. Plaintiff Walter Cañas is a resident of Riverside County, California.

3. Defendant Plaza Motors. is a California corporation with principal place of business in Cathedral City, Riverside County, California. Plaza Motors conducts its auto sales and repair operations under its own name as well as the fictitious business name "Jessup Auto Plaza."

4. Plaintiff is ignorant of the true names or capacities of the Defendants sued herein under the fictitious names of DOES 1 through 25, inclusive, and therefore sues said Defendants under such fictitious names. Plaintiff will amend this complaint to allege the true names or capacities of said Defendants once they have been ascertained.

5. Plaintiff is informed and believes and therefore alleges that Defendant and each of the fictitiously named Defendants are responsible in some manner for the occurrence alleged herein and that the damages alleged herein were proximately caused by their conduct.

6. Plaintiff is informed and believes and so alleges that at all times relevant to this Complaint each of the Defendants was the agent of every other Defendant; that all acts alleged to have been committed by Defendant were committed on behalf of every other Defendant; that each alleged acts was

committed by Defendant, and/or agents, servants, or employees of Defendants, and Defendants directed, authorized or ratified each such act; and that each of the Defendants aided and abetted every other Defendant in the commission of acts alleged herein.

## GENERAL FACTUAL ALLEGATIONS

7. Defendant Plaza Motors Inc. is a large automotive sales company and employer. Plaza Motors Inc. frequently conducts business under its registered fictitious business name, Jessup Auto Plaza.

8. Defendants employed Mr. Cañas from approximately March 2009 until November 17, 2020, when Defendants wrongfully terminated his employment.

9. On or about September 14, 2021, Mr. Cañas initiated litigation against Defendants in the Superior Court of Riverside County for Defendants' violations of his right as an employee, including claims of violations of the Family Medical Leave Act and California Family Rights Act; wrongful termination; and denial of lawful rest breaks and meal periods. Mr. Cañas additionally brought a representative claim under the Private Attorneys General Act (PAGA) to collect rest and meal period penalties for all employees impacted by Defendants' violations.

10. On or about August 10, 2022, the matter was ordered to arbitration; the PAGA claim was stayed in the Superior Court pending outcome of the arbitration. The merits hearing (trial) in the arbitration matter is set for July 18, 2023.

11. Throughout the litigation of the arbitration matter, Defendant made extensive irrelevant inquiry into Mr. Cañas's new employment with Tech-Age Auto, Inc., and auto repair and auto body company which specializes in classic cars. Among Defendant's inquiries were a deposition of the Tech-Age Auto owner, and deposition questions to the owner and to Mr. Cañas regarding his communications, recruitment, and/or service of former Plaza Motors customers. In all cases, deponents responded that there was no known crossover of clients between the two companies, and indeed Tech-Age Auto does not even normally service modern vehicles, which are the more common clientele Plaza Motors. Mr. Cañas affirmed repeatedly that he had not contacted any Plaza Motors clients to recruit them to Tech-Age Auto or for any other reason.

12. Nonetheless, on or about May 18, 2023, exactly two months before the arbitration matter will go to hearing, Plaza Motors filed a baseless and retaliatory lawsuit against Mr. Cañas in Riverside County Superior Court, case number CVPS2302445. The action alleged multiple causes of action claiming that Mr. Cañas had stolen a client list from Plaza Motors, recruited

Plaza Motors clients, and disparaged Plaza Motors to clients and former co-workers.

13. The referenced lawsuit is based upon what would be protected speech if it had in fact occurred, and in any case lacks any justifiable basis or supporting facts. Indeed, the lawsuit appears to be designed solely to intimidate Mr. Cañas as his merits hearing approaches and to chill the exercise of his rights.

14. Defendants' acts and omissions, as described herein, cause Plaintiff substantial additional emotional damages, exacerbating those he was already experiencing on account of Defendants' maltreatment of him during his employment.

### FIRST CAUSE OF ACTION
### RETALIATION: FAIR LABOR STANDARDS ACT
### Violation of 29 U.S.C. § 215(a)(3)

15. Plaintiff hereby incorporates and references each and every allegation contained in this complaint as though fully set forth herein.

16. At all times relevant, the Defendants employed Plaintiff.

17. At all times relevant, the Fair Labor Standards Act applied to Plaintiff's employment with the Defendants.

18. The FLSA at 29 U.S.C. § 215(a)(3) prohibits that any person in any manner discriminate against an individual because of his complaint or institution of proceedings in which the person is exercising his wage and hour rights.

19. The Plaintiff, by the many acts described herein, engaged in protected activities under the FLSA.

20. Defendant's conduct as described herein constitutes retaliation against the Plaintiff for his exercise of rights under the FLSA.

21. As a direct, foreseeable, and proximate result of Defendant's actions, Plaintiff has suffered emotional distress and has incurred and continues to incur expenses including attorney fees and litigation costs.

22. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively with the wrongful intent to injure the Plaintiff. Defendants acted with an improper and evil motive amounting to malice and a conscious disregard for Plaintiff's rights. The acts taken toward the Plaintiff were carried out by Defendants in a deliberate, callous, and intentional manner with a desire to injure and damage. Plaintiff is therefore entitled to and seeks an award of punitive damages.

23. Plaintiff is further entitled to and seeks legal and equitable relief including compensatory and punitive damages, injunctive relief, declaratory relief, and attorney fees and costs, pursuant to 29 U.S.C. 216(b).

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

A. For general and special damages;

B. For punitive damages;

C. For injunctive relief;

D. For declaratory relief;

E. For costs of suit and attorneys' fees;

F. For such other and further relief as this Court may deem proper and just.

Dated: June 30, 2023                BEAMAN JACINTO LAW P.C.

_____
Megan Beaman
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all matters triable to a jury.

Dated: June 10, 2023                BEAMAN JACINTO LAW P.C.

_____
Megan Beaman
Attorneys for Plaintiff